UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**CARLOS MICHAEL GARCIA,**          **CASE NO.:**

      **Plaintiff,**

vs.

**ENHANCED RECOVERY COMPANY, LLC**
a foreign limited liability company,

      **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Carlos Michael Garcia ("Plaintiff"), by and through the undersigned counsel, and brings this action against, Defendant, Enhanced Recovery Company, LLC, a foreign limited liability company ("Defendant"), for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq ("TCPA") and as grounds thereof would alleged as follows:

### Brief Introduction

1. This is an action for damages resulting from Defendant's relentless debt collection telephone calls using an automated telephone dialing system ("ATDS") and a pre-recorded voice ("robo-call").

2. Both ATDS and robo-calls are unlawful when made to a cellphone, unless made with the recipient's prior express written consent.[1] However, even where consent is provided, the

---

[1] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 27 FCC Red. 1830, 1844 ¶ 33 (2012); 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(2.

call recipient has the absolute right to revoke consent by any reasonable means, this includes oral revocation.[2]

3. Under the TCPA, it is Defendant's burden to demonstrate that Plaintiff provided his prior express consent within the meaning of the statute and that this consent was not revoked.

## Jurisdiction, Parties, and Venue

4. Plaintiff is a natural person and citizen of the State of Florida.

5. Defendant, Enhanced Recovery Company, LLC, is a foreign limited liability company, and is registered with the Florida Department of State as a foreign limited liability company.

6. This Court has federal jurisdiction jurisdiction because this case arises out of violation of federal laws: 28 U.S.C. § 1331 and 47 U.S.C. § 227(b).[3]

7. Venue is proper in this Court pursuant to 18 U.S.C. § 1391(b)(2) because Defendant's transact substantial business in Broward County, Florida, and the cause of action accrued in Broward County, Florida.

## Factual Allegations

8. On or about May 26, 2017 Plaintiff received an auto-dialed and/or pre-recorded call from Defendant on Plaintiff's cellular telephone.

9. On or about May 26, 2017 Plaintiff received an additional auto-dialed and/or pre-recorded call from Defendant on Plaintiff's cellular telephone.

---

[2] *See In re Rules & Regulations Implementing the TeL Consumer Prot Act of 1991, II* 64, CG Docket No. 02-278, WC Docket No. 07-135, 2015 WL 4387780, F.C.C. (July 10, 2015); *Coniglio v. Bank of Am., NA.,* No. 8:14-cy-01628-EAK-MAP, 2014 U.S. Dist. LEXIS 149764, 2014 WL 5366248, at *3 (M.D. Ha. 2014) citing *Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242, 1255 (11th Cir. 2014)
[3] *See Minis v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740 (2012).

10. Plaintiff received additional auto-dialed and/or pre-recorded call from Defendant on Plaintiff's cellular telephone on: June 4, 2017; June 5, 2017; June 6, 2017; June 7, 2017; June 8, 2017; and June 12, 2017.

11. Plaintiff contends that he did not and has not expressly consented to Defendant's ATDS calls to his cellular telephone.

12. Plaintiff also contends that he did not expressly consent and has not expressly consented to Defendant's robo-calls to his cellular telephone.

13. The above referenced calls to Plaintiff's cellular telephone, more specifically set forth above in paragraphs 8, 9, and 10 above were auto-dialed and/or pre-recorded calls from Defendant, using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

14. None of Defendant's phone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.0 § 227 (b)(1)(A).

15. Defendant's telephone calls to Plaintiffs cellular telephone, which were placed through the use of an "artificial or prerecorded voice," or through an "automatic telephone dialing system" for non-emergency purposes, and in the absence of Plaintiffs prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

16. Defendant's repeated calls were time consuming and harassing to Plaintiff, and deprived Plaintiff of his statutorily created right to be free from such continued intrusion.

17. Upon information and belief, Plaintiff's experience is typical of that of other Defendant's customers, and that Defendant maintains a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

18. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TCPA

19. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

20. Defendant, or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellular telephone using an automatic telephone dialing system, and pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

21. Defendant continued and continues to make excessive and harassing calls despite never having prior express consent.

22. Defendant continued and continues to make such calls despite Plaintiffs explicit demand to stop the improper calls.

23. Defendant, willfully or knowingly violated the TCPA.

24. As a result, Plaintiff has suffered damages.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

a. $500.00 dollars in statutory damages for each TCPA violation;

b. $1,500.00 dollars in statutory damages for each knowing or willful TCPA violation;

c. a declaratory judgment that Defendant has violated Plaintiffs rights under the TCPA;

d. a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's cellphone using an ATDS or pre-recorded and/or artificial voice;

e. actual damages as provided for in the TCPA;

f. reasonable litigation costs; and

    g.  such other and further relief as the Court deems proper.

## **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 15th day of May, 2018.

                                                Respectfully submitted,

                              By:    /s/ *Brendan A. Sweeney*
                                           Sweeney Law, P.A.
                                           Brendan A. Sweeney, Esq.
                                           Florida Bar No. 14780
                                           401 E. Las Olas Blvd., Suite 1400
                                           Fort Lauderdale, Florida 33301
                                           Primary email: bas@sweeneylawpa.com
                                           Secondary: bmp@sweeneylawpa.com
                                           Tel: (954)440-3993/Fax (954)252-4604